■ FIRST NATIONWIDE BANK, Plaintiff, v NEW HEIGHTS (765 RIVERSIDE) LIMITED PARTNERSHIP et al., Defendants. HONEY ESSMAN, as Receiver, Respondent, v GUS BEVONA, as President of Local 32B-32J, Service Employees International Union, AFL-CIO, Appellant. [638 NYS2d 41] —Order, Supreme Court, New York County (Walter Schackman, J.), entered on or about November 28, 1994, which granted respondent receiver's motion for a stay of arbitration demanded by respondent building service employees' union, unanimously affirmed, with costs.

Arbitration of the receiver's liability under Article VI of the collective bargaining agreement between the union and the receiver, signed by her as receiver, i.e., an agent of the former owner of the building in foreclosure, under which the "[e]mployer" agreed that it would not transfer the building unless the transferee agreed in writing to adopt the collective bargaining agreement, was properly stayed on the ground that the receiver lacked the power to transfer the building or to require any transferee to adopt the agreement (*Sweeney v Herman Mgt.*, 85 AD2d 34). The receiver, in fact, did not participate in

the negotiations for the transfer or the closing of title, the mortgagee having negotiated a deed in lieu of foreclosure. Under no rational construction of the agreement should the receiver be charged with this responsibility, which, by neither law nor custom, is associated with the role of receivership. We have considered the union's other arguments that the receiver's amenability to arbitration involves a matter of contract interpretation to be resolved by the arbitrator, or an issue of law preempted by section 301 of the Labor Management Relations Act of 1947 (61 Stat 156; 29 USC § 185), and find them to be without merit (CPLR 7503 [a]; *Lingle v Norge Div.*, 486 US 399). Concur—Milonas, J. P., Rosenberger, Rubin, Kupferman and Mazzarelli, JJ.